**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS L. BAKER, | No. 18-36072 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05720-JPD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted September 3, 2020**
Seattle, Washington

Before: McKEOWN and VANDYKE, Circuit Judges, and CALDWELL,***
District Judge.

Nicholas Baker appeals the district court's affirmation of the Commissioner

of Social Security's denial of his application for Social Security Disability benefits

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and Supplemental Security Income. We have jurisdiction under 28 U.S.C. § 1291 and "review de novo the district court's order." *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Our review is "highly deferential"; to affirm we must only find the Commissioner's decision "was supported by substantial evidence," which is "less than a preponderance" and merely requires "relevant evidence as a reasonable mind might accept as adequate." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citations omitted). Because the Administrative Law Judge's (ALJ) determination was supported by substantial evidence, we affirm.

1.      While two of the doctors who evaluated Baker concluded that he was disabled, the doctor who evaluated Baker's entire medical record concluded that he was not. "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). If an examining doctor's opinion is contradicted by another medical opinion, an ALJ must give "specific and legitimate reasons" why he rejected the examining doctor's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). The ALJ provided specific and legitimate reasons to discount the two examining doctors' analyses.

### a. Psychologist Dr. Miner

The ALJ concluded Dr. Miner's opinion was not "consistent with the record" and accorded it less weight based on specific and legitimate comparisons between the record and Dr. Miner's observations. The sole time Dr. Miner met with Baker, she found moderate limitations in Baker's memory and decision-making skills and "marked limitations in [Baker's] ability to … perform effectively in a work setting … without interruptions from psychologically based symptoms."

The ALJ compared Dr. Miner's conclusions to the doctor's own notes, which indicated that Baker performed within the normal limits for six of the eight "additional detail" categories on the mental status exam. Given that "[a] physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes," *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017), the ALJ did not err in concluding that he need not give this opinion "great weight because it is not consistent with the record."

The ALJ also did not err in discounting Dr. Miner's analysis because it is inconsistent with Baker's current activities. *Morgan*, 169 F.3d at 600–02. Dr. Miner's conclusion that Baker had "marked limitations in completing a … workweek" or communicating in a work setting was belied by "the fact that the claimant attended college classes *subsequent* to Dr. Miner's evaluation," (emphasis

3

added), and "consistently looked for work" post-evaluation, focusing his efforts on an industry that often requires customer communication.

Moreover, evidence that medical treatment for a chronic mental disorder "successfully reliev[ed] symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ here noted recorded improvement in Baker's "reports to his providers," including his continued improvement in and eventual cessation of mental health treatments in the Cowlitz Tribal Program and the decreasing anxiety observed by his primary care provider.

Accordingly, the ALJ documented "specific and legitimate reasons" that Dr. Miner's single observation could be given less weight in light of Baker's daily activities, noted improvement, and contradictory record evidence. *Reddick*, 157 F.3d at 725.

### b. Primary Care Physician Dr. Cynthia Dumler

In evaluating Dr. Dumler's 2014 Physical Residual Functional Capacity (RFC) Questionnaire, the ALJ specifically compared it to medical expert Dr. Winkler's 2015 analysis of the entire record and determined that Dr. Winkler's opinion was due "greater weight" because Dr. Dumler's opinion was "conclusory, not well supported, and not consistent with the record considered as a whole."

"[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings."

*Batson*, 359 F.3d at 1195 (internal citations omitted). The ALJ here noted that Dr. Dumler's prognosis for Baker was "good" and, when given the opportunity to expound on Baker's limitations, "she did not provide any function-by-function assessment of his abilities." Dr. Dumler only wrote: "[d]uring a flair [sic] [Baker's] pain is intense .... [and] [o]ften systemic," and as such he "may not be able to tolerate work." The ALJ gave less weight to this statement on the basis that it did not include any support for "how 'often' the claimant's impairments would interfere with … low stress work."

Dr. Dumler's blanket assertion that Baker is incapable of any work due to "treatment changes" is also belied by the record. "[T]he key question is not whether the claimant still suffered from the same medical problem … but whether the severity of the problem had decreased sufficiently to enable him to engage in gainful activity." *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The record reflects that Baker exhibited severe allergic reactions sporadically requiring intubation during his time in prison and continuing through January 2014. But Baker's allergist Dr. Jain and Dr. Dumler documented gradual improvement by balancing Baker's allergy medication, such that Baker did not experience another attack requiring intubation after January 2014. Dr. Winkler reviewed this documented improvement and concluded Baker's "medications appear to be controlling [his allergies] fairly well." The ALJ compared both opinions and

5

reasonably decided that Dr. Dumler's conclusion—that Baker could not do even low stress work—was not supported by Baker's recorded improvement.

The ALJ also noted Dr. Dumler's diagnosis was "inconsistent with treatment records that show [Baker] had actively sought employment and that his anxiety improved with medication." Baker maintained an active job search in customer-centric industries, which the ALJ reasonably interpreted as evidence that Baker did not experience his maladies to the level Dr. Dumler reported. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting even if "the ALJ's interpretation of [Baker's] testimony may not be the only reasonable one …. it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it"). Dr. Dumler also recorded consistent improvement in Baker's anxiety and observed that, even when a negative life event occurred, Baker employed healthy coping mechanisms for the resulting anxiety.

Therefore, the ALJ identified specific and legitimate record evidence to discount Dr. Dumler's conclusory statement that Baker was unable to complete even low-stress work. *See Reddick*, 157 F.3d at 725.

2.      The ALJ properly provided clear and convincing reasons to reject Baker's testimony. To disregard a claimant's testimony, the ALJ "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." *Bunnell v. Sullivan*, 947 F.2d 341,

6

345 (9th Cir. 1991). The ALJ may not simply recite medical evidence but must provide "clear[] and convincing reasons for rejecting a claimant's testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Not every reason need be supported by substantial evidence, but the "ultimate credibility determination" must be. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ determined that Baker's "statements concerning the intensity … of [his allergy and anxiety] symptoms are not entirely consistent with the evidence," noting his claims that his allergies could put him in a coma and have caused him to visit a doctor or use an EpiPen 10–12 times a month were belied by the record. There is no evidence in the record suggesting that Baker's allergies caused a coma; rather, it shows Baker went to the hospital or to see a doctor at most three times in one month, with the average being 1–2 times a month. The ALJ concluded from these discrepancies that Baker's allergies showed improvement with treatment.

Identifying improvement in Baker's medical and mental condition and pointing to evidence demonstrating the change is "clear and convincing [reasoning] … supported by substantial evidence in the record." *Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003). The ALJ bolstered its reasoning by citing Baker's allergist's conclusion from January 2015 that Baker needed to continue his treatment but that Baker's reactions "seemed to be decreasing in frequency and severity."

Furthermore, Baker's anxiety improved to the point that at his hearing Baker stated he was no longer receiving any mental health treatment because he felt "like [he's] gotten all the benefit [he] can."

The ALJ also reviewed Baker's extensive list of activities and determined that Baker's testimony was "inconsistent with the claimant's allegations of debilitating symptoms and limitations." Because Baker "adequately copes with the social aspects of daily living, continues to maintain some friendships …. [and] demonstrated the ability to work … maintaining a … garden," substantial evidence supports the ALJ's clear and convincing reasons to discount Baker's testimony of debilitating impairment. *Morgan*, 169 F.3d at 601–02.

Evidence that a claimant actively searched for employment can also be a reason to reject claims of total disability. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). The ALJ carefully documented Baker's consistent job search after his release, including that he attended interviews and a job club, worked with vocational rehabilitation services, applied for paid internships, and contemplated returning to school full time. These clear and convincing reasons provide substantial evidence for the ALJ's decision to discount Baker's testimony.[1]

---

[1] Baker argues on appeal that the ALJ did not correctly evaluate all the evidence in the record that was "consistent with the opinions of Dr. Miner and Dr. Dumler, and … Baker's testimony." But the ALJ considered the improvements in Baker's allergies and mental health in conjunction with his prior issues in those areas. This Court "may not reweigh the evidence, substitute our own judgment for the [ALJ's], or give vent to feelings of compassion." *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987) (citation and alteration marks omitted). Baker's attempt to point to

The ALJ acknowledged Baker's improvement in his physical and mental health and did not find Baker disabled, a conclusion that was supported by its careful review of the substantial evidence in the record.[2]

**AFFIRMED**.

---

other evidence in the record does not change that the ALJ's conclusions were ultimately supported by substantial evidence. *See Valentine*, 574 F.3d at 690.

[2] Because the ALJ's conclusions are supported by substantial evidence, the ALJ did not err in assessing Baker's RFC by incorporating that analysis. *Valentine*, 574 F.3d at 694 (finding an ALJ's determination of the claimant's RFC proper where "in fashioning the RFC, the ALJ neither improperly rejected nor ignored evidence").